B104 (FORM 104) (08/07)                                                                                                          EDVA

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| ENNSTONE LITIGATION TRUST, by and through Lynn L. Tavenner, Trustee | Burch Materials Company, Inc. dba Burch Materials, Inc. and Burch Materials |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| Stephen B. Gerald, Esquire<br>Seven Saint Paul Street, Baltimore, Maryland 21202<br>410.347.8700 | |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee | ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to recover preferences and/or fraudulent transfers. 11 U.S.C. Secs. 547, 548 and/or 550

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☒ 12-Recovery of money/property - §547 preference<br>☒ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 6,279.90 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ennstone, Inc. | BANKRUPTCY CASE NO.<br>09-31204 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia | DIVISION OFFICE<br>Richmond | NAME OF JUDGE<br>Tice |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Christopher A. Jones | | |
| DATE<br>February 23, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christopher A. Jones | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | | |
|---|---|---|
| In re: | * | |
| | | Case No. 09-31204 (DOT) |
| ENNSTONE, INC., *et al.*, | * | Chapter 11 |
| | | (Jointly Administered) |
| Debtors. | * | |
| * * * * * * | * * * * * * | |
| ENNSTONE LITIGATION TRUST, | * | |
| by and through Lynn L. Tavenner, Trustee, | | Adv. Pro. No. _____ |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | |
| | * | |
| BURCH MATERIALS COMPANY, INC. | | |
| dba BURCH MATERIAS, INC. and | * | |
| BURCH MATERIALS | | |
| | * | |
| Defendant. | | |
| * * * * * * | * * * * * * | |

### COMPLAINT TO AVOID PREFERENTIAL TRANSFERS AND FRAUDULENT CONVEYANCES, TO RECOVER PROPERTY AND FOR RELATED RELIEF

Ennstone Litigation Trust established by the Second Amended Plan of Reorganization Dated February 15, 2010 in the bankruptcy cases of Ennstone, Inc., *et al.* (the "Litigation Trust"), by and through its trustee, Lynn L. Tavenner (the "Trustee"), by undersigned counsel, files this Complaint to Avoid Preferential Transfers and Fraudulent Conveyances, to Recover

---

WHITEFORD, TAYLOR & PRESTON, L.L.P.
Christopher A. Jones (VSB No. 40064)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9260
(703) 280-9139 (facsimile)

*Counsel to Ennstone Litigation Trust*

Property and for Related Relief pursuant to 11 U.S.C. §§ 502, 544, 547, 548 and 550, and in support thereof states as follows:

## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. § 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

## PARTIES

4. The Litigation Trust is that certain trust created pursuant to the Second Amended Plan of Reorganization Dated February 15, 2010 (the "Plan") of Ennstone, Inc., *et al.*, (collectively, the "Debtors") and in which certain of the Debtors' and/or Chapter 11 estates' right, title and interest in certain assets, including this claim, vested pursuant to the Plan.

5. Burch Materials Company, Inc. dba Burch Materials, Inc. and Burch Materials (the "Defendant") is an entity doing business in the United States and subject to service of process pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

6. On February 24, 2009 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. By Order dated February 27, 2009, the Debtors were consolidated for procedural purposes only and are jointly administered under the lead case of *In re Ennstone, Inc.* – Case No. 09-31204 (DOT).

7. On February 18, 2010, this Court entered an Order confirming the Debtors' Plan. On March 1, 2010, the Debtors' Plan became effective.

8. Pursuant to the Plan, the Litigation Trust was established to, among other things, liquidate and distribute certain assets of the Debtors' estates and prosecute certain litigation claims under Chapter 5 of the Bankruptcy Code. Pursuant to the Plan and the Litigation Trust Agreement, Lynn L. Tavenner was appointed the Trustee of the Litigation Trust and continues to serve in that capacity.

## COUNT ONE
### (To Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547 and Recover Preferential Transfers Pursuant to 11 U.S.C. § 550)

9. The Litigation Trust adopts and incorporates by reference the allegations in Paragraphs 1 through 8 above as if fully set forth herein.

10. On or within ninety (90) days prior to the Petition Date (the "Preference Period"), one or more of the Debtors made one or more transfers by check, wire transfer, or their equivalent, of an interest of the Debtors' property in an amount not less than $6,79.90 (the "Payments"), including but not limited to those transfers set forth on **Exhibit A** attached hereto.

11. During the 90-day period prior to the Petition Date, the Defendant received the Payments on account of debts owed by the Debtor making such Payments.

12. The Payments constituted transfers of an interest of a Debtor in property for or on account of an antecedent debt owed by such Debtor to the Defendant.

13. At the time of the Payments, the Debtor making the Payments was insolvent (as that term is defined and used in sections 101(32) and 547 of the Bankruptcy Code).

14. The Payments enabled the Defendant to receive more on account of its debt than the Defendant would have received if the Debtors' cases were under Chapter 7 of the Bankruptcy

3

Code, the Transfers had not been made, and the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

15. The Payments constitute avoidable preferences under 11 U.S.C. § 547 and thus are recoverable from the Defendant pursuant to 11 U.S.C. § 550.

## COUNT TWO
### (To Avoid Fraudulent Transfers Pursuant to 11 U.S.C. § 548 and Recover Fraudulent Transfers Pursuant to 11 U.S.C. § 550)

16. The Litigation Trust adopts and incorporates by reference the allegations in Paragraphs 1 through 8 above as if fully set forth herein.

17. One or more of the Debtors made the Payments to the Defendant, which constituted a transfer of property of such Debtor to or for the Defendant's benefit.

18. To the extent that the Payments did not satisfy an antecedent debt of the Debtor payor, the Debtor making the Payments did not receive reasonably equivalent value in exchange for the Payments.

19. At the time of the Payments, the Debtor making the Payments was insolvent.

20. One or more of the Debtors' unsecured creditors was a creditor of the Debtors holding an allowed claim under § 502 of the Bankruptcy Code at the time of the Defendant's receipt of the Payments.

21. The Payments for which the Debtor payor did not receive reasonably equivalent value are avoidable fraudulent transfers ("Fraudulent Transfers") under section 548 of the Bankruptcy Code and recoverable from the Defendant pursuant to 11 U.S.C. § 550.

4

## COUNT THREE
### (To Disallow Claim Pursuant to 11 U.S.C. § 502(d))

22. Plaintiff incorporates by reference, as if fully stated herein, the preceding allegations in paragraphs 1 to 21 of the Complaint.

23. The Payments sought in the counts above are avoidable and recoverable as set forth therein pursuant to the applicable Bankruptcy Code sections alleged.

24. The Defendant has not paid the amount, or turned over the property sought to be avoided and recovered to the Trustee.

25. On or about April 10, 2009, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules"), in which the Defendant was listed as having an unsecured non-priority claim in the amount of $1,033.73 against the respective Debtors (the "Defendant's Claim").

26. Pursuant to 11 U.S.C. § 502(d), the Defendant's Claim should be disallowed.

WHEREFORE, the Litigation Trust respectfully requests:

(a) As to Count One, that the Court enter judgment against the Defendant (i) avoiding the Payments as preferential transfers pursuant to section 547 of the Bankruptcy Code; (ii) granting judgment against the Defendant pursuant to sections 547 and 550 of the Bankruptcy Code in the amount of the Payments, plus such other and further amounts as may be proven at trial, plus pre-judgment interest, costs and attorneys' fees; (iii) disallowing, in accordance with section 502(d) of the Bankruptcy Code, any claim against the Debtors and/or Debtors' estates held by the Defendant; and (iv) granting such other and further relief as is just and proper.

(b) As to Count Two, that the Court enter judgment against the Defendant (i) avoiding the Payments pursuant to section 548 of the Bankruptcy Code; (ii) granting judgment

5

against the Defendant pursuant to sections 548 and 550 of the Bankruptcy Code in the amount of the Payments, plus such other and further amounts as may be proven at trial, plus pre-judgment interest, costs and attorneys' fees; (iii) disallowing, in accordance with section 502(d) of the Bankruptcy Code, any claim against the Debtors and/or the Debtors' estates held by the Defendant; and (iv) granting such other and further relief as is just and proper.

Respectfully submitted,

ENNSTONE LITIGATION TRUST


/s/ Christopher A. Jones
WHITEFORD, TAYLOR & PRESTON L.L.P.
Christopher A. Jones (VSB No. 40064)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9260
(703) 280-9139 (facsimile)

and

Stephen B. Gerald, Esquire
Seven Saint Paul Street
Baltimore, Maryland 21202
(410) 347-8700
(410) 223-4178 (facsimile)

*Counsel to Ennstone Litigation Trust*

## EXHIBIT A

| Check No. | Transaction Date | Defendant | Amount |
|---|---|---|---|
| 113746 | 12/1/2008 | Burch Materials, Inc. | 4,750.78 |
| 113784 | 12/2/2008 | Burch Materials, Inc. | 1,529.12 |
| | | Total | 6,279.90 |

*1940569*

7